IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EXIT 282A DEVELOPMENT COMPANY,      3:12-CV-939-BR
LLC, a limited liability company,
and LFGC, LLC, a limited liability     OPINION AND ORDER
company,

        Plaintiffs,

v.

MARILYN WORRIX, BARTON EBERWEIN,
HANLEY JENKINS, TIM JOSI, GREG
MACPHERSON, CHRISTINE M. PELLETT,
and JOHN VANLANDINGHAM, all in
their official capacities as
members of the Land Conservation
and Development Commission;
TOM HUGHES, SHIRLEY CRADDICK,
CARLOTTA COLLETTE, CARL HOSTICKA,
KATHRYN HARRINGTON, REX BURKHOLDER,
BARBARA ROBERTS, ROBERT LIBERTY,
and ROD PARK, all in their official
capacities as Metro councilors;
CLACKAMAS COUNTY; and CHARLOTTE
LEHAN, LYNN PETERSON, ANN LININGER,
PAUL SAVAS, JIM BERNARD, and BOB
AUSTIN, all in their official
capacities as members of the
Clackamas Board of Commissioners,

        Defendants.

STEPHEN F. ENGLISH

1  - OPINION AND ORDER

**KRISTINA J. HOLM**
**TERESA G. JACOBS**
Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
(503) 727-2000

          Attorneys for Plaintiffs

**ELLEN F. ROSENBLUM**
Attorney General
**DARSEE STALEY**
Senior Assistant Attorney General
Oregon Department of Justice
1515 S.W. Fifth Ave., Suite 410
Portland, OR 97201
(971) 673-1880

          Attorneys for Defendant Land Conservation and
          Development Commission Members (hereinafter
          referred to collectively as State Defendants)

**ALISON KEAN CAMPBELL**
Metro Attorney
**MICHELLE A. BELLIA**
Senior Attorney
Office of Metro Attorney
600 N.E. Grand Ave.
Portland, OR 97232
(503) 797-1526

          Attorneys for Defendant Metro Councilors
          (hereinafter referred to collectively as
          Metro Defendants)

**STEPHEN L. MADKOUR**
**ALEXANDER GORDON**
Clackamas County Counsel
2051 Kaen Road
Oregon City, OR 97045
(503) 655-8362

          Attorneys for Defendants Clackamas County and
          Members of the Clackamas County Board
          of Commissioners (hereinafter referred to
          collectively as Clackamas County Defendants)

**BROWN, Judge.**

This matter comes before the Court on all Defendants'
(including Clackamas County Defendants) Joint Motion (#16) to
Dismiss or, in the Alternative, to Stay (Abstention) and
Clackamas County Defendants' separate Motion (#14) to Dismiss
pursuant to Federal Rule of Civil Procedure 12(b)(1), the
Principles of Abstention, and Federal Rule of Civil Procedure
12(b)(6).

Plaintiffs filed Objections (#28, #33) to Clackamas County
Defendants' Reply to Plaintiffs' Motion to Dismiss on the grounds
that the Reply for the first time raised the issue whether
Plaintiffs had adequately pled an equal-protection claim based on
a class-of-one theory.

At oral argument on November 8, 2012, the Court agreed with
Plaintiffs that in the Motions before the Court, Plaintiffs had
not had an opportunity to address Clackamas County's belated
argument that Plaintiffs had not adequately pled a "class-of-one"
equal-protection claim under the Fourteenth Amendment to the
United States Constitution.  Accordingly, the Court directed the
parties to address that issue in supplemental memoranda after
which, on December 20, 2012, the Court took under advisement
Defendants' Joint Motion and the issues raised in the parties'
Supplemental Memoranda.

For the reasons set forth herein, the Court **DENIES** Defendants' Joint Motion (#16) to Dismiss and **DECLINES TO ABSTAIN** from litigating Plaintiffs' claim under 42 U.S.C. § 1983 and Article I, Section 20, of the Oregon Constitution.  The Court **DIRECTS** Plaintiffs to file an amended complaint no later than **April 6, 2013,** that separately states their two claims under 42 U.S.C. § 1983 and Article I, Section 20, of the Oregon Constitution.

The Court **DENIES** Clackamas County Defendants' Motion (#14) to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), the Principles of Abstention, and Fed. R. Civ. P. 12(b)(6).


<u>**BACKGROUND**</u>

I.    <u>**The Parties**</u>.

Plaintiffs own land in Clackamas County.

State Defendants are members of the Land Conservation and Development Commission (LCDC), which is charged with adopting goals and guidelines for purposes of "establish[ing] a general, statewide, comprehensive land use framework." *Lane County v. Land Conserv. and Dev. Com'n,* 325 Or. 569, 573 (1997).  *See also* Or. Rev. Stat. § 197.225.

Metro Defendants are elected members of the Metropolitan Regional Government (Metro), a government agency of the State of Oregon surrounding the Portland metropolitan area.  Metro is

4  - OPINION AND ORDER

charged with designating land in the metropolitan area as either "rural reserves" (*i.e.,* land "outside urban growth boundaries" that will  provide "long term protection for agriculture, forestry, or important natural landscape features") or "urban reserves" (*i.e.,* land outside of an urban growth boundary that will provide for "future [long-term] expansion" of the urban growth boundary).  Or. Rev. Stat. §§ 195.137-45.

Clackamas County Defendants include Clackamas County and members of the Clackamas County Board of Commissioners who are charged with the task of designating land within Clackamas County as "rural reserves" (*i.e.,* "land reserved to provide long-term protection for agriculture, forestry or important natural landscape features") to limit urban development or "urban reserves" (*i.e.,* land reserved for the future expansion of the designated urban growth boundary).  *Id.*

## II.  **Plaintiffs' Claim.**

Plaintiffs assert a single combined claim under 42 U.S.C. § 1983 and Oregon law alleging Defendants violated Plaintiffs' rights to equal-protection under the Fourteenth Amendment to the United States Constitution and Article I, Section 20, of the Oregon Constitution respectively when Defendants designated Plaintiffs' land as rural reserve rather than urban reserve for purposes of state land-use planning.

<u>**DEFENDANTS' JOINT MOTION TO DISMISS OR,**</u>
<u>**IN THE ALTERNATIVE, STAY (ABSTENTION)**</u>

**I.    <u>Federal Rule of Civil Procedure 12(b)(1) - Abstention</u>.**

Defendants move to dismiss or to stay this action based
on abstention principles under *Brillhart v. Excess Ins. Co.,*
316 U.S. 491, 495 (1942); *Burford v. Sun Oil Co.,* 319 U.S. 315
(1943); *Younger v. Harris,* 401 U.S. 37 (1971); and/or *Railroad
Comm'n v. Pullman Co.,* 312 U.S. 496 (1986).

In *Blumenkron v. Eberwein,* 3:12-CV-351-BR, another pending
case involving similar land-use issues, the Court granted in part
and denied in part a similar abstention motion concluding that
the Court should exercise its discretion and abstain from
litigating in this forum the claims in which the plaintiffs
alleged the defendants violated Oregon Administrative Rule
Chapter 660 and Oregon Revised Statute Chapters 195 and 197 when
the defendants designated the plaintiffs' land as rural rather
than urban reserves.  Plaintiffs in this case, however, have not
asserted claims under Oregon Administrative Rule Chapter 660 or
Oregon Revised Statutes Chapters 195 and 197, and, therefore, the
Court's abstention analysis in *Blumenkron* does not apply in this
matter.

Nevertheless, the Court in *Blumenkron* also concluded it
should not abstain from exercising jurisdiction over the same
type of federal and state constitutional equal-protection claims

that Plaintiffs seek to litigate in this case.  For all of the same reasons explained in *Blumenkron,* the Court declines to exercise its discretion to abstain from litigating Plaintiffs' federal and state equal-protection claims asserted in this case because those claims do not raise the same abstention concerns that the Court found in *Blumenkron.*  Moreover*,* as noted in *Blumenkron,* the federal trial court is far better suited than the Oregon Court of Appeals to litigate Plaintiffs' constitutional claims in the first instance.

**II.  <u>Federal Rule of Civil Procedure 12(b)(6) - Failure to State a Claim</u>.**

Defendants' Rule 12(b)(6) Motion challenges whether Plaintiffs' Complaint sufficiently alleges a class-of-one federal equal-protection claim under either 42 U.S.C. § 1983 or Article I, Section 20, of the Oregon Constitution.  Defendants contend Plaintiffs' Complaint falls short, and, therefore, this Court should dismiss the action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

**A.  Standards.**

1.  <u>Motion to Dismiss</u>.

To survive a motion to dismiss, a complaint must contain sufficient factual matter accepted as true to "state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 545 (2007).  A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Twombly*, 550 U.S. at 546). When a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678.

The pleading standard under Federal Rule of Civil Procedure 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). *See also* Fed. R. Civ. P. 8(a)(2). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555). A complaint also does not suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

    2. <u>Class-of-One Equal-Protection Claim.</u>

Under 42 U.S.C. § 1982, "an equal protection claim can in some circumstances be sustained even if [the plaintiffs have]

not alleged class-based discrimination, but instead claim [they have] been irrationally singled out as a so-called 'class of one.'" *Gerhart v. Lake County, Montana,* 637 F.3d 1013, 1021 (9th Cir. 2011)(quoting *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601 (2008)(citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)(*per curiam*)).  A class-of-one action may be maintained if a regulation is "*applied in a singular way* to particular citizens." *Engquist v. Or. Dep't of Agric.,* 553 U.S. 591, 592 (2008)(emphasis added).

The Oregon Supreme Court also has recognized a "'class of one' can support [an Article I, Section 20,] equal protection claim if [a] plaintiff alleges treatment different from others and no rational basis for difference in treatment." *In re Conduct of Gatti*, 330 Or. 517, 534 (2000),

"To succeed on a 'class of one' claim," the plaintiff must plead the defendants "(1) intentionally (2) treated [the plaintiff] differently than other similarly situated property owners, (3) without a rational basis." *See Willowbrook*, 528 U.S. at 564.  An equal-protection claim based on a class-of-one is not appropriate when the agency action involves discretionary decision-making and there is not any "pattern of generally exercising the discretion in a particular manner while treating one individual differently *and* detrimentally." *Towery v. Brewer*, 672 F.3d 650, 660-61 (9th Cir. 2012)(emphasis in original).

Although a plaintiff must plead the defendant's decision was intentional, the plaintiff need not show that the defendants were "motivated by subjective ill will." *Willowbrook*, 528 U.S. at 565. *See also Gerhart v. Lake County, Montana,* 637 F.3d 1013, 1022 (9th Cir. 2011). "A class of one plaintiff must show that the discriminatory treatment 'was intentionally directed just at him, as opposed . . . to being an accident or a random act.'" *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008)(quoting *Jackson v. Burke*, 256 F.3d 93, 96 (2d Cir. 2001)).

**B. Plaintiffs' Complaint.**

Plaintiffs allege Defendants, who are participants in the regional land-use designation process, intentionally and irrationally treated Plaintiffs differently from other similarly-situated landowners when they designated Plaintiffs' land as rural reserves rather than urban reserves for purposes of future land-use planning "based on a personal and political predetermination . . . effectively . . . preclud[ing] the opportunity [for Plaintiffs] to seek approval for potential urban development for a minimum of the next fifty years." Compl. at ¶ 1. Plaintiffs also allege Defendants "intentionally and irrationally treated Plaintiffs differently from other similarly-situated landowners by singling [them] out" for "personal and

10 - OPINION AND ORDER

political" reasons when they designated Plaintiffs' property as rural reserves. As a result, Plaintiffs allege their property will remain outside of the Urban Growth Boundary (UGB) for at least fifty years. Compl. at ¶ 1.

In particular, Plaintiffs allege Clackamas County staff, the Port of Portland, Clackamas County Business Alliance, and Business Oregon (an Oregon state agency) each opined during the urban/rural reserves designation process that Plaintiffs' property is suitable for an urban-reserve designation (*i.e.*, an appropriate site for future urban industrial/employment purposes). Compl. at ¶¶ 28-30. According to Plaintiffs, Defendants disregarded those opinions and the requirements of state law when they "predetermined" that all land in Clackamas County south of the Willamette River, including Plaintiffs' property, should, nevertheless, be designated as rural reserves. Compl. at ¶ 35. Plaintiffs assert that designation of their property, which prevents any future urban development, was both intentional and irrational and made for improper reasons and motives. Compl. at ¶ 52.

Although Plaintiffs acknowledge Oregon law generally requires challenges to urban/rural reserve designations to be made in the Oregon Court of Appeals, Plaintiffs argue their federal and state constitutional challenges are outside of the scope of the land-use designation issues intended to be decided

11 - OPINION AND ORDER

by that Court.   Thus, Plaintiffs seek a declaration from this
Court that Defendants' "policy, practice, and agreements" in
making urban/rural reserve designations based on political and
other improper considerations without regard for or adherence to
applicable statutes violate Plaintiffs' rights under the Equal
Protection Clause of the Fourteenth Amendment and Article I,
Section 20, of the Oregon Constitution.

**C.   <u>The Urban/Rural Designation Process</u>**.

The urban/rural designation process is set forth in
Oregon Revised Statutes §§ 195.137-195.145 enacted in 2007.
Under that process "[a] county and a metropolitan service
district [must] consider simultaneously the designation and
establishment of [rural reserves and urban reserves]."  Or. Rev.
Stat. § 195.143 (a) and (b).   In the Portland area, Metro
(comprising Multnomah, Washington, and Clackamas Counties)
designates urban reserves as to that land.   The three Counties,
however, separately designate rural reserves as to land within
their respective boundaries.

LCDC is responsible for issuing final orders approving
or denying such designations.   LCDC's final orders are appealable
to the Oregon Court of Appeals, which has authority to review,
*inter alia,* the constitutionality of the final order.   Or. Rev.
Stat. § 197.651(10)(b).

12 - OPINION AND ORDER

D.    **Analysis.**

Clackamas County, Metro, and State Defendants contend the designation of Plaintiffs' land as rural reserve was based on the exercise of their discretionary decision-making after making a "vast array of subjective, individualized assessments." *See Towery,* 672 F.3d at 660.  "[T]he government's decision to designate a property as an urban or rural reserve involved a multi-year process, including a large study of potential reserves and unprecedented cooperation among four governments."  Metro Defs.' Mem. at 6.  Defendants contend the fact that they were at all times exercising their discretionary decision-making authority precludes Plaintiffs from asserting a Fourteenth Amendment equal-protection claim.  *See Engquist*, 533 U.S. at 602-03.  If such discretionary decision-making is a bar to Plaintiffs' claims, that is a fact-based defense that cannot be resolved on Defendants' present Motion.

Defendants also argue Plaintiffs are unable to prove that they were treated differently than any other landowner with identical property in light of the fact that

> no two property owners are identical because of the circumstances of the reserve process, including the size of the reserve areas studied by defendants and the variety of types of property, together with the individualized assessment of each designation area required by state law.  Plaintiffs thus cannot establish that they are similarly situated to other property owners.

Metro Defs.' Mem. at 5.  Because Plaintiffs allegedly cannot
prove any properties are similarly situated for purposes of
establishing the viability of a class-of-one action, Defendants
contend Plaintiffs' allegations as to their specific property are
inadequate to state a class-of-one equal-protection claim against
any of the Defendants.

        Clackamas County Defendants also assert all but one of
the properties identified by Plaintiffs in their Complaint as
being similar to Plaintiffs' property but allegedly treated
differently by Defendants are located in either Washington County
or Multnomah County.  Moreover, the only property in Clackamas
County that is identified by Plaintiffs as being similarly
situated to their own property is "not similarly situated in all
relevant respects to Plaintiffs' property for comparison
purposes."  Accordingly, Clackamas County Defendants contend
Plaintiffs' allegations regarding different treatment as to
specific properties are insufficient to state a class-of-one
equal-protection claim against any of the Defendants.

        Again, Defendants' argument turns on factual assertions
that contradict Plaintiffs' allegations and cannot be resolved
short of summary judgment.

        In any event, Plaintiffs emphasize Defendants' arguments
only make clear why Plaintiffs should be allowed some discovery
to enable them to present evidence that "the asserted rational

basis for [Defendants'] action was merely a pretext for different
treatment" because such evidence is obviously relevant to their
class-of-one claim. *See Engquist v. Or. Dep't of Agric.*, 478
F.3d 985, 993 (9th Cir. 2007).

> Based on *Olech*, we have applied the
> class-of-one theory in the regulatory
> land-use context to forbid government actions
> that are arbitrary, irrational, or malicious.
> *See Squaw Valley*, 375 F.3d at 944-48; *see
> also Valley Outdoor, Inc. v. City of
> Riverside*, 446 F.3d 948, 955 (9th Cir.2006)
> (applying class-of-one theory to city's
> denial of billboard permits). In *Squaw
> Valley*, the plaintiffs, who operated a ski
> resort, claimed that two employees working
> for the state water quality authority
> subjected them to selective and over-zealous
> regulatory oversight. 375 F.3d at 938. We
> applied rational basis scrutiny to review the
> acts of the government regulators. *Id.* at
> 944. We held that acts that are malicious,
> irrational, or plainly arbitrary do not have
> a rational basis. *Id. In addition, we held
> that in an equal protection claim based on
> selective enforcement of the law, a plaintiff
> can show that a defendant's alleged rational
> basis for his acts is a pretext for an
> impermissible motive.*

*Id.* (emphasis added).

Plaintiffs maintain they have pled "sufficient factual
matter" to state a class-of-one equal-protection claim that is
"plausible on its face" and, therefore, that meets *Iqbal's*
standards. Plaintiffs also contend if they are not permitted to
proceed in this case, they will be denied the opportunity in the
available state proceedings before the Oregon Court of Appeals to

engage in the discovery necessary to obtain evidence sufficient to establish Defendants' motivations for the challenged land-use decision and thereby to prove Plaintiffs' § 1983 constitutional claim or Plaintiffs' state constitutional claim.  The Court agrees.

As noted, Plaintiffs allege in their Complaint that their property was not treated in the same manner as similarly-situated properties during the course of the land-use designation process, thereby implicating land-use decisions made by each of the three groups of Defendants named in this case.  Plaintiffs allege the land-use decisions made by each of the governing bodies that treated Plaintiffs' land differently from other similarly-situated land was intentional, irrational, and made with willful or reckless indifference to Plaintiffs and those decisions have caused Plaintiffs to incur damages and loss.  The Court concludes these allegations are sufficient to state a class-of-one equal-protection claim under 42 U.S.C. § 1983 and Article I, Section 20, of the Oregon Constitution.

The Court, however, also concludes Plaintiffs' federal equal-protection claim under 42 U.S.C. § 1983 should be stated separately from their state equal-protection claim under Article I, Section 20, of the Oregon Constitution, which, as noted, have been pled together.  Claims under 42 U.S.C. § 1983 apply only to violations of "rights, privileges, and immunities secured by the

Constitution or laws of the United States." Plaintiffs' Oregon constitutional claim, therefore, does not arise under § 1983 and must be pleaded separately from Plaintiffs' federal claim.

Accordingly, the Court **DENIES** Defendants' Motion to Dismiss Plaintiffs' Complaint for failure to state a claim and **DIRECTS** Plaintiffs to file an amended complaint that separately alleges their federal and state equal-protection claims.

## **CLACKAMAS COUNTY DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1), PRINCIPLES OF ABSTENTION, AND FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

Clackamas County Defendants move separately to dismiss Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(1) on the grounds that there is no case or controversy under Article III of the United States Constitution because (1) Plaintiffs' claims are not ripe and (2) Plaintiffs lack standing. In addition, Clackamas County Defendants move the Court to dismiss this case based on *Younger* abstention principles.

## I.   **Ripeness**.

Clackamas County Defendants assert this Court lacks subject-matter jurisdiction because the decision to designate Plaintiffs' property as rural reserve is not final and, therefore, is not ripe for this Court's review.

**A.  Standards.**

Whether a plaintiff has exhausted remedies for purposes of pursuing an action under 42 U.S.C. § 1983 depends upon whether

> the initial decision maker has arrived at a definitive position on the issue that inflicts an actual, concrete injury; the exhaustion requirement generally refers to administrative and judicial procedures by which an injured party may seek review of an adverse decision and obtain a remedy if the decision is found to be unlawful or otherwise inappropriate.

*Williamson Reg'l Planning Comm'n v. Hamilton Bank of Johnson City,* 473 U.S. 172, 193 (1985).

"The finality requirement [] applies to decisions about how a takings plaintiff's particular parcel may be used, *see, e.g., Williamson County*, supra, at 191, 105 S. Ct., at 3119, and it responds to the high degree of discretion characteristically possessed by land use boards in softening the strictures of the general regulations they administer, *see, e.g., MacDonald*, *supra*, at 350, 106 S. Ct., at 2566." *Suitum v. Tahoe Reg'l Planning Agency,* 520 U.S. 725, 726 (1997).

**B.  <u>Analysis</u>.**

In *Suitum* the Supreme Court held the plaintiff's claim "satisfied the demand for finality" because it was "undisputed that the agency ha[d] finally determined that her land lies entirely within a zone in which development is not permitted."

520 U.S. at 726.

Plaintiffs contend LCDC's decision is final for purposes of this action because "[b]y operation of law the LCDC's final decision locks Plaintiffs' property in a rural reserve designation for at least the next fifty years." Pls.' Mem. at 10. "No development plan or variance to allow urban uses, or even more intense rural uses on Plaintiffs' property . . . can be accepted or approved by Clackamas County." Pls.' Mem. at 10. Plaintiffs also assert "there is no requirement that a plaintiff exhaust state judicial remedies" based on a claim of "deprivation on constitutional rights." Pls.' Mem. at 10. *See also Flying J Inc. v. City of New Haven,* 549 F.3d 538, 543 (7th Cir. 2008). In *Flying J,* however, the court qualified its holding:

> This circuit has read *Williamson County* broadly, "rejecting attempts to label 'takings' claims as 'equal protection' claims and thus requiring 'ripeness.'" *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). This circuit also applies the ripeness requirements to most claims labeled as "substantive due process" or "procedural due process" claims. *Id.* However, courts in this circuit have recognized an exception for "*bona fide* equal protection claims," and held that, in some circumstances, land use cases raising equal protection issues are not subject to *Williamson County 's* ripeness requirements. *Id.* at 370. *Litigants making these claims, however, must place them into one of two categories, pleading either: "(1) the malicious conduct of a government agent, in other words, conduct that evidences a spiteful effort to 'get' him for reasons*

> *unrelated to any legitimate state*
> *objective; . . . .*

*Id.* at 543 (emphasis added).

Here Plaintiffs' equal-protection claim focuses on the alleged wrongful motives of those decision-makers who were responsible for designating Plaintiffs' land as rural reserves and who, in the process of doing so, allegedly disregarded contrary opinions of business entities such as the Port of Portland, the Clackamas County Business Alliance, and Business Oregon.  The Court concludes those allegations are sufficient to satisfy the requirement described in *Flying J* that the claim must be based on some form of "malicious conduct" by the government-agency defendants, and, therefore, the Court concludes Plaintiffs' federal and state constitutional claims are ripe for resolution.

## II.  **Standing**.

Clackamas County Defendants also assert Plaintiffs lack standing to bring this action because Plaintiffs "have failed to demonstrate that they have suffered an injury in fact" that is capable of being "redress[ed] by a favorable decision in this Court."

### A.  **Standards**.

A plaintiff must have standing to bring an action in federal court.  Standing "requires 'an *injury* in fact';

'a causal connection between the *injury* and the conduct complained of'; and a conclusion that it is 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'"  *Arizona Christian Sch. Tuition Org'n v. Winn,* 131 S. Ct. 1426, 1437 (2011)(quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (emphasis in original)).

   **B.   Analysis.**

   The foundation for Clackamas County Defendants' argument is that Plaintiffs' class-of-one equal-protection claim is not capable of being addressed by this Court.  As explained above, however, the Court has concluded Plaintiffs have adequately pled a class-of-one equal-protection claim.

   Accordingly, the Court **DENIES** Clackamas County Defendants' Motion (#14) to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).

**III. *Younger* Abstention.**

   For the reasons set forth above as to all Defendants' Joint Motion to Dismiss, the Court concludes Plaintiffs' claims are not barred under the principles of *Younger* abstention.


<u>**CONCLUSION**</u>

   For these reasons, the Court **DENIES** Defendants' Joint Motion (#16) to Dismiss and **DECLINES TO ABSTAIN** from litigating

21 - OPINION AND ORDER

Plaintiffs' claim under 42 U.S.C. § 1983 and Article I, Section 20, of the Oregon Constitution.  The Court **DIRECTS** Plaintiffs to file an amended complaint no later than **April 6, 2013,** that separately states their two claims under 42 U.S.C. § 1983 and Article I, Section 20, of the Oregon Constitution**.**

The Court **DENIES** Clackamas County Defendants' Motion (#14) to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), the Principles of Abstention, and Fed. R. Civ. P. 12(b)(6).

The Court will set a Rule 16 Conference shortly to determine the case-management deadlines for this matter.  Counsel should begin their conferral on a jointly proposed case-management schedule so that it may be filed at least two days before the Rule 16 Conference.

IT IS SO ORDERED.

DATED this 1st day of March, 2013.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge


22 - OPINION AND ORDER