**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**PORTLAND DIVISION**

Case No.    **3:12-cv-00939-BR**                                                          Date: **July 2, 2013**

Case Title:    **Exit 282A Development Company, LLC et al v. Worrix et al**

Presiding Judge:  **Anna J. Brown**                              Courtroom Deputy:  **Bonnie Boyer**

**DOCKET ENTRY:**  Order

      The Court conducted a Rule 16 Conference with all counsel regarding the state of the record, the number of pending motions, disputes concerning conferral, and anticipated issues regarding discovery. For the reasons stated on the record:

1.    The Court **strikes** Clackamas County Defendants' Motion (#80) for Partial Summary Judgment for failure to comply with Local Rule 7.1(a).  Clackamas County Defendants have leave to file a new such Motion, but only after actual and meaningful conferral with Plaintiffs' counsel.  Clackamas County Defendants' new such Motion is due July 11, 2013; Plaintiffs' opposition is due July 25, 2013; Clackamas County Defendants' reply is due August 1, 2013.  The Court will hear oral argument on this to-be-filed Motion on August 15, 2013, at 1:30 p.m., the time already scheduled for argument on other Motions.  The Court **denies** Plaintiffs' request for attorney's fees in connection with the conferral dispute.

2.    The Court **denies** Clackamas County Defendants' Motion (#60) to Strike for lack of merit.  The Court reminds counsel that motion practice is expensive to and time-consuming for all concerned and should not be undertaken unless there is a good reason to support it.  Here, Defendants' fundamental complaint about "slanderous" language goes to the heart of Plaintiffs' still undeveloped claims, and it would be inappropriate for the Court to preclude proceeding on the theories involving those allegations at this stage of the case.

3.    Replies still outstanding on all other pending Motions (#64, #66, #69, #78) are due July 11, 2013. These Motions will be argued at the time set on August 15, 2013.  To the extent the parties to a particular Motion agree to its disposition, thereby rendering the Motion moot, they may submit an appropriate form of Stipulated Order that resolves the Motion.

4.    Despite the pendency of existing Motions, discovery should proceed in a manner that is cost-effective and staged to avoid potentially unnecessary work.  If a responding party is willing to have a requesting party examine documents made available by the responding party, that option should be pursued unless there is a good reason not to do so.  The parties should discuss in advance a fair way to share the costs of document reproduction when the inspection occurs at the producing party's locale.  To the extent the parties are proceeding with discovery and have a discovery dispute they wish the Court to consider informally, the parties (a) shall confer until it is possible to explain the dispute(s) concisely; (b)

formulate a single, joint message to the Court explaining the dispute and the reason(s) for opposing options to resolve the dispute; and (c) send the message to the Court c/o Courtroom Deputy Ms. Boyer. The Court will then arrange a telephone or other conference to attempt to resolve the matter efficiently. This process does not preclude the parties from filing discovery motions after meaningful conferral if they choose to do so before the last day set to file such Motions.

5.     No later than July 11, 2013, and again on August 13, 2013, the parties shall file with the Court a Joint Status Report explaining their progress to-date in moving this matter forward and identifying any obstacle or issue as to which the Court may be of assistance. Upon receipt of such Report(s), the Court will provide counsel with guidance. Plaintiffs' counsel, Mr. English, will take the lead to facilitate the discussion preceding submission of the Report(s) and to formulate the Report(s) in a manner reflecting input from all parties.

IT IS SO ORDERED.